IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| TOMMY PORTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 07-CV-400-JHP |
| | ) | |
| BNSF RAILWAY COMPANY | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER AND OPINION

Before the Court are Defendant's Motion to Change Venue [Docket No. 9], Plaintiff's Response in Opposition [Docket No. 11], and Defendant's Reply [Docket No. 12]. Plaintiff requests oral argument on the motion pursuant to LCvR 78.1, but that request is DENIED. For the reasons set forth below, Defendant's Motion is GRANTED.

## BACKGROUND

Plaintiff Tommy Porter, a resident of Lawton, Oklahoma, has filed suit against Defendant BNSF pursuant to the Federal Employer's Liability Act ("FELA"). 45 U.S.C. § 51, *et seq*. Porter alleges he was injured when the BNSF owned truck he was riding in hit a bump in the road causing his head to be driven into the roof of the truck.

BNSF filed the instant Motion to Change Venue alleging the case should be transferred to the Northern District of Texas pursuant to 28 U.S.C. § 1404. BNSF argues the Eastern District of Oklahoma is a *forum non conveniens* because the accident underlying the suit occurred in Canyon, TX; at least six of the witnesses reside near Amarillo, Texas; and none of the witnesses reside in the Eastern District of Oklahoma. BNSF claims the Eastern District has no connection to the events

being litigated, and therefore the case should transferred to the Northern District of Texas.

Porter argues the FELA affords him the right to sue BNSF wherever BNSF does business. Porter makes no attempt to argue that the Eastern District of Oklahoma is a better—or more convenient— forum than the Northern District of Texas, Porter instead argues that, as the plaintiff, he should be afforded the right to choose his own forum. Porter further argues that a change of venue at this point would not be "in the interest of justice."

## **DISCUSSION**

The FELA allows plaintiffs to bring suit in any federal district court "in which the defendant shall be doing business at the time of commencing such action." 45 U.S.C. § 56. Section 56, therefore defines the proper forum. By contrast, 28 U.S.C. § 1404(a) deals with the right to transfer an action properly brought, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The two sections thus co-exist, and deal with "separate and distinct problems." *Ex Parte Collett*, 337 U.S. 55, 60 (1949). Plaintiff is correct, therefore, that the Eastern District of Oklahoma is *a* proper forum for the instant action. The inquiry does not end there, however. The FELA does not strip BNSF of its right to seek transfer of the case under § 1404(a). BNSF having sought transfer, the Court must now examine the case under the traditional § 1404(a) factors to determine whether the case should be transferred to a more convenient district.

"Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness." *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (internal quotations omitted). A "party moving to transfer a case pursuant to § 1404(a) bears the burden of establishing that the existing forum is

2

inconvenient." *Chrysler Credit Corp. v. County Chrysler, Inc.*, 928 F.2d 1509, 1515 (10th Cir. 1991). "Unless the balance is strongly in favor of the movant the plaintiff's choice of forum should rarely be disturbed." *William A. Smith Contracting Co. v. Travelers Indem. Co.*, 467 F.2d 662, 664 (10th Cir.1972). The factors to consider in determining whether to transfer a case pursuant to § 1404(a) are: (i) the plaintiff's choice of forum; (ii) the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; (iii) the cost of making the necessary proof; (iv) questions as to the enforceability of a judgment if one is obtained; (v) relative advantages and obstacles to a fair trial; (vi) difficulties that may arise from congested dockets; (vii) the possibility of the existence of questions arising in the area of conflict of laws; (viii) the advantage of having a local court determine the questions of local law; and, (ix) all other considerations of a practical nature that make a trial easy, expeditious, and economical. *Texas Gulf Sulphur Co. v. Ritter*, 371 F.2d 145, 147 (10th Cir. 1967). Of these factors, only two would seem to favor one district over the other in this case: 1) the Plaintiff's choice of forum and 2) the convenience of the witnesses and the parties.

While a plaintiff's choice of forum is usually entitle to deference, courts refuse such deference "where the facts giving rise to the lawsuit have no material relation or significant connection to the plaintiff's chosen forum[.]" *Cook v. Atchison, Topeka & Santa Fe Railroad Co.*, 816 F.Supp. 667, 669 (D.Kan.1993), *citing Hernandez v. Graebel Van Lines*, 761 F.Supp. 983, 990 (E.D.N.Y.1991). Here, none of events giving rise to Porter's cause of action occurred in the Eastern District. To the contrary, Porter lives in the Western District of Oklahoma and was working in the Northern District of Texas when injured. Additionally, all known witnesses to the accident reside in the Northern District of Texas. The sole connection to the Eastern District is BNSF's maintenance

3

of facilities within the district, none of which were involved in the incident in question. The Court, therefore, gives minimal weight to Porter's choice of the Eastern District as his forum. *See, e. g ., Robertson v. Kiamichi Railroad Co.*, 979 F.Supp.2d 651, 656 (E.D.Tex.1999) ("In a FELA action where none of the operative facts occur within the plaintiff's originally selected forum, the plaintiff's choice is entitled to only minimal consideration.") (internal citations omitted).

The Court's focus, therefore, is on the convenience of the witnesses and parties. *See Cook v. Atchison, Topeka & Santa Fe Railroad Co.*, 816 F.Supp. 667, 669 (D.Kan.1993) ("The convenience of witnesses is the most important factor in deciding a motion under § 1404(a).")(internal citation omitted). Here, all but one of the known witnesses live in the Northern District of Texas and all within 140 miles of Amarillo, Texas—but none within 390 miles of Muskogee, Oklahoma (Mueller Aff. at 1-2). The witness not residing in the Northern District of Texas lives in the District of New Mexico, some 110 miles from Amarillo, but some 500 miles from Muskogee, Oklahoma. Under these circumstances, the Northern District of Texas is clearly the more convenient forum. Therefore, Court finds that justice is best served by a timely transfer of this case to a more convenient forum for the parties and witnesses involved.

The Court, therefore, finds that BNSF has met its burden of proving the inconvenience of Porter's selected forum.

**CONCLUSION**

For the reasons set forth herein, Defendant's Motion to Change Venue is GRANTED. The case is therefore transferred to the Northern District of Texas pursuant to 28 U.S.C. § 1404(a).

IT IS SO ORDERED this 9th day of January, 2008.

_____
James H. Payne
United States District Judge
Eastern District of Oklahoma

4